United Industrial Corporation and Subsidiary Companies v. Commissioner. United Industrial Corporation v. Commissioner.
United Industrial Corp. v. Commissioner
Docket Nos. 86422, 86423.
United States Tax Court
T.C. Memo 1962-280; 1962 Tax Ct. Memo LEXIS 26; 21 T.C.M. (CCH) 1482; T.C.M. (RIA) 62280; November 28, 1962
*26 Herbert M. Weil, Esq., 2212 Guardian Bldg., Detroit, Mich., and John W. Peister, Esq., for the petitioner. Robert W. Siegel, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies in the income tax of petitioner have been determined by respondent for the fiscal years ended September 30, 1956 and 1957 in the respective amounts of $326.35 and $13,219.20. The issue presented is whether respondent has erred in disallowing as business expense deductions the expenses of petitioner incidental to its declaration and payment of stock dividends. Findings of Fact The facts which have been stipulated are found as fact. The petitioner, United Industrial Corporation, as of January 1, 1960, was a Delaware corporation. Prior to that date, petitioner was a Michigan corporation. For the fiscal years ended September 30, 1956 and 1957 petitioner was a Michigan corporation and its principal office was Grand Rapids, Michigan. Federal income tax returns were filed with the district director of internal revenue at Detroit, Michigan, for the taxable years ended September 30, 1956 and 1957. During the taxable years ended September 30, 1956 and *27 1957, petitioner's common stock was listed and traded on the New York Stock Exchange. For the fiscal year period ended September 30, 1956, the United Industrial Corporation consisted of various units: Division - Hayes Metal Products Division, Grand Rapids 2, Michigan
Wholly owned subsidiaries - American Engineering Company, Philadelphia 37, Pennsylvania
Detroit Stoker Company, Monroe, Michigan
Affiliated Engineering Corporations, Ltd., Montreal 9, Canada Bawden Industries, Ltd., Toronto 3, Canada Controlled subsidiary - Aircraft Armaments, Inc., Cockeysville, Maryland
Affiliate - Hayes Aircraft Corporation, Birmingham, Alabama
For the fiscal year ended September 30, 1957, the United Industrial Corporation consisted of the above-named wholly owned subsidiaries and the above-named controlled subsidiary, but petitioner no longer operated the above-named division or the above-named affiliate. During the two fiscal years here involved, petitioner manufactured automatic stokers for industrial and utility plants, produced stampings and sub-assemblies, manufactured hydraulic pumps, industrial hoists, marine devices, including steering gears, windlasses, winches, *28 hoists for handling vessels' cargoes, capstans, gypsies for hauling in hawsers on shipboard, electronic devices, varied armament and aircraft modification. The books and records of the petitioner were kept on an accrual basis with fiscal years ending September 30 of each year. The capital stock issued account of the corporation and the surplus account of the corporation for the fiscal years 1955, 1956, and 1957 are as follows: Amount of capital stock
Amount
issued and out-
of sur-
standing
plus
(A) For fiscal year ended 9/30/55: Issued 1,060,000 shares less
147 treasury shares equals
1,059,853 shares; $2,119,706
$4,984,687
(B) For fiscal year ended 9/30/56: 1,081,197 shares issued less
147 treasury shares equals
1,081,050 shares; $2,162,100
Appropriated for
stock dividend
payable 10/31/56
$ 129,726
Unappropriated
5,315,753
Total
$5,445,479
(C) For fiscal year ended 9/30/57: 1,124,872 shares issued less
147 treasury shares equals
1,124,725 shares; $2,249,450
$6,453,785
Petitioner paid cash dividends during the years 1948 through 1958 as follows: Fiscal
Total
year
Cash dividend paid for each
amount
ended
share of stock for quarters
of divi-
Sept. 30
1st
2nd
3rd
4th
dend paid
1948
.15
.15
.15
.15 [1]
$794,889.75
1949
.15
.15
.15
.15
635,911.80
1950
.15
.15
317,955.90
1951
.15
.15
.15
.15
635,911.80
1952
.15
.15
.15
.15
635,911.80
1953
.15
.15
.15
.15
635,911.80
1954
.15
.15
.05
.05
423,941.20
1955
.15
.15
.15
.15
635,911.80
1956
.15
.15
317,955.90
1957
None
1958
.15
.15
.15
.15
674,835.00
*29 The petitioner issued stock dividends for the fiscal years ended September 30, 1956 and 1957, as follows: %
amount of
common
stock
Number
issued
of
Declaration
Record
Payment
on
shares
date
date
date
common
issued
6/29/56
7/13/56
7/31/56
2%
21,197
9/27/56
10/11/56
10/31/56
2%
21,621
12/28/56
1/11/57
1/31/57
2%
22,054
The books and records of the petitioner reflect disbursements for the issuance of stock dividends which includes distribution of stock certificates evidencing the stock dividends and elimination of fractional shares as follows: Amount paid
Amount paid
Item
in 1956
in 1957
N. Y. Stock Exchange listing fee
$ 250.00
$ 500.00
Michigan Corporation & Securities commission fee
55.00
0.00
Printing - Stockholders letter
260.33
520.64
- Letters of application
146.26
191.18
- Temporary certificates
438.37
881.98
- Regular certificates
0.00
921.39
Documentary stamps
432.30
1,038.84
Registrar's fee
638.40
1,207.76
Transfer Agent's fee
1,276.80
2,851.80
Paying Agent's fee
2,855.35
12,821.80
Paying Agent's expenses
1,237.73
3,206.28
$7,590.54
$24,141.67
*30 The stock dividend list of record on July 13, 1956, and paid on July 31, 1956, shows the following: Number of stockholders
Shares held
Individual
4,589
606,690
Brokers
168
474,507
Total
1,081,197
The records of the company show that no individual stockholder held over 5,000 shares. As a result of the stock dividend declared by the Board of Directors of petitioner on June 29, 1956, the surplus was capitalized; that is, the amount of $6.50 was transferred from the surplus account for each share issued. Of that amount, $2 was transferred to the capital stock issued account and $4.50 to the capital stock surplus account. The amount of $6.50 per share was the approximate market value of petitioner's stock on the record date. As a result of the stock dividend declared by the Board of Directors of petitioner on September 27, 1956, the surplus was capitalized; that is, the amount of $6 was transferred from the surplus account for each share issued. Of that amount, $2 was transferred to the capital stock issued account and $4 to the capital stock surplus account. The amount of $6 per share was the approximate market value of petitioner's stock on the *31 record date. As a result of the stock dividend declared by the Board of Directors of petitioner on December 28, 1956, the surplus was capitalized; that is, the amount of $6 was transferred from the surplus account for each share issued. Of that amount, $2 was transferred to the capital stock issued account and $4 to the capital stock surplus account. The amount of $6 per share was the approximate market value of petitioner's stock on the record date. Pursuant to the declaration of the stock dividend of June 29, 1956, 21,197 shares of common stock were issued, including the amount of 518 shares issued in order to meet fractional share requirements. The surplus account of the corporation, as a result of the issuance of this stock dividend, was decreased in the amount of $137,780.50. The amount of $42,394 was transferred to the capital stock account and $95,386.50 was transferred to the capital surplus account. Pursuant to the declaration of the stock dividend of September 27, 1956, 21,621 shares of common stock were issued, including the amount of 782 shares issued in order to meet fractional share requirements. The surplus account of the corporation, as a result of the issuance *32 of this stock dividend, was decreased in the amount of $129,726. The amount of $43,242 was transferred to the capital stock account and $86,484 was transferred to the capital surplus account. Pursuant to the declaration of the stock dividend of December 28, 1956, 22,054 shares of common stock were issued, including the amount of 1,007 shares issued in order to meet fractional share requirements. The surplus account of the corporation, as a result of the issuance of this stock dividend, was decreased in the amount of $132,324. The amount of $44,108 was transferred to the capital stock account and $88,216 was transferred to the capital surplus account. In its corporate Federal income tax returns for the respective taxable years ended September 30, 1956 and 1957, petitioner deducted as ordinary and necessary business expense the amounts set forth in our findings for the purposes there stated. We find such amounts to have been paid or incurred by petitioner for the purposes and during the years stated. Ultimate Finding As a result of the issuance of the three quarterly stock lividends, referred to above, a permanent change has occurred in the corporate structure of petitioner. *33 Opinion For purposes of this opinion without so deciding, we assume, as petitioner contends, that the expenses attributable to the disposition of fractional dividends are incidental to the declaration and distribution of the stock dividends here involved. As to the remainder of the expenses in question, there is no dispute between the parties but what they are attributable to the distribution of the stock dividends. This Court has recently decided General Bancshares Corporation, 39 T.C. - (Nov. 26, 1962). Inasmuch as that case is indistinguishable from that which is before us, it is controlling of this issue. As there, we hold here that the issuance and distribution of a stock dividend results in a change in the capital structure of the issuer, rendering expenses incident thereto nondeductible as ordinary business expense. The result is the same regardless of the fact that petitioner's purpose in paying a stock dividend rather than its traditional cash dividend was for the conservation of its cash for expansion and additional plant. Accounting procedures and business custom, disclosed by the record herein, have no bearing upon the nature of the expenses here sought to be deducted
*34 Decisions will be entered under Rule 50. *
Footnotes
1. Also extra in the amount of.15".↩
*. The conclusion "Decisions will be entered for the respondent" was deleted and the conclusion "Decisions will be entered under Rule 50" added by an official order of the Tax Court dated December 4, 1962, and signed by Judge Withey.↩